IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY L. HOGE, JR.,

        Plaintiff,

v.

HEALTH SERVICES @ MARION
COUNTY JAIL,

        Defendant.

Case No. 6:20-cv-01095-JR

ORDER

SIMON, Judge.

Plaintiff, an adult in custody at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are three matters.

**I.  Plaintiff's Motion for Leave to File Amended Complaint**

Plaintiff seeks leave to file an Amended Complaint naming as the sole defendant "Health Services at Marion County." On September 11, 2020, however, plaintiff filed an Amended

1 - ORDER

Complaint naming this defendant.[1] Accordingly, the court FINDS MOOT plaintiff's Motion for Leave to File Amended Complaint (ECF No. 17).

## II.     Defendant Health Services @ Marion County Jail's Motion to Dismiss

Defendant moves to dismiss plaintiff's Amended Complaint on the basis that it fails to state a claim upon which relief may be granted. Plaintiff was previously a pretrial detainee at the Marion County Jail. His original Complaint named Nurse Bryan, Nurse Sarah, and Dr. Stuart as defendants, and alleged they failed to provide medical care for plaintiff's foot condition. As noted, on September 11, 2020, plaintiff filed his Amended Complaint naming "Health Services @ Marion County Jail" as the sole defendant. Defendant moves to dismiss on the basis that the Amended Complaint does not allege facts establishing a policy, practice, or custom attributable to Defendant and because plaintiff fails to specify any time period for his allegations.

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro*

---

[1] Plaintiff was not required to seek leave of the court to file his Amended Complaint pursuant Fed. R. Civ. P. 15(a)(1)(B).

2 - ORDER

*se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

"Persons" under 42 U.S.C. § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. Vance v. County of Santa Clara, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996). A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658, 691 (1978). "Health Services @ Marion County Jail" may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts of its employees. Board of Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. Instead, the municipalities may be held liable "when execution of a government's policy or custom . . . inflicts

the injury." Monell, 436 U.S. at 694. Plaintiff does not allege facts supporting a claim that the actions allegedly taken by county employees in this case amounted to execution of a government policy or custom. Accordingly, plaintiff does not state a claim against "Health Services @ Marion County Jail" upon which relief may be granted, and plaintiff's Amended Complaint is DISMISSED.

### III. Plaintiff's "Request to the Courts"

Finally, plaintiff filed a "Request to the Courts" (ECF No. 19), which the court construes as a motion to compel defendants to respond to plaintiff's first set of interrogatories. Plaintiff's request is improper because answers and objections to plaintiff's interrogatories were not yet due on the date plaintiff filed his request and because plaintiff may not submit interrogatory requests to non-parties. See Fed. Riv. Civ. P. 33, 45.[2] Accordingly, the court DENIES plaintiff's Request (ECF No. 19).

### CONCLUSION

For these reasons, the court FINDS MOOT plaintiff's Motion for Leave to File Amended Complaint (ECF No. 17) and DENIES plaintiff's Request to the Courts (ECF No. 19).

The court GRANTS defendant's Motion to Dismiss (ECF No. 16) and DISMISSES plaintiff's Amended Complaint. Plaintiff may file a Second Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that his Second Amended Complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the Second Amended Complaint will operate as a complete

---

[2] Plaintiff's request also fails to comply with Local Rule 37-1, which requires that a motion to compel an answer to interrogatories must include the pertinent interrogatory and any pertinent responses and/or objections, together with the legal arguments of the party.

substitute for the Amended Complaint, not as a supplement. Plaintiff is cautioned that failure to file a Second Amended Complaint will result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 27th day of October, 2020.

Michael H. Simon
United States District Judge

5 - ORDER