# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**RANDY L. HOGE, JR.**,

        Plaintiff,

    v.

**JOE KAST, SARAH LAPHAM, NURSE JESSICA JULIET, and MARION COUNTY SHERIFF'S OFFICE JAIL MEDICAL UNIT**,

        Defendants.

Case No. 6:20-cv-1095-JR

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on March 4, 2022. Judge Russo recommended that this Court grant Defendants' motion for summary judgment and deny Plaintiff's motion for summary judgment. No party has filed objections.

Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

No party having made objections, this Court conducts a *de novo* review of Judge Russo's Findings and Recommendation. The Court adopts the Findings and Recommendation except for the statement that both a pretrial detainee and convicted prisoner must satisfy the objective and subjective components of a conditions of confinement claim. *See* ECF 125, at 9. A pretrial detainee asserting a conditions of confinement claim under the Fourteenth Amendment must satisfy the "objective deliberate indifference standard." *See Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) ("[W]e hold that claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard."). A convicted prisoner asserting a conditions of confinement claim under the Eighth Amendment, however, must show both the objective and subjective components of deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Further, upon a guilty plea, the Eighth Amendment standard applies. *See Hill v. Le*, 2021 WL 4391706, at *7 (D. Or. Sept. 24, 2021).

Here, Plaintiff states that he was a "pretrial detainee and also a sentenced detainee." ECF 11, ¶ 2. Regardless of whether Plaintiff was a pretrial detainee or convicted prisoner during the relevant period, Plaintiff cannot show Defendants placed him in a an objectively serious risk of harm, as the Findings and Recommendation explains. Thus, Plaintiff's claim fails under either standard.

The Court ADOPTS IN PART Judge Russo's Findings and Recommendation, ECF 125. The Court GRANTS Defendants' motion for summary judgment (ECF 106) and DENIES Plaintiff's motion for summary judgment (ECF 110). The Court further finds that any appeal from this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 29th day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER